**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2116-22

JOSE CAMILO,

     Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

     Respondent.

_____

        Submitted April 30, 2024 – Decided May 13, 2024

        Before Judges Mayer and Augostini.

        On appeal from the New Jersey State Parole Board.

        Jose Camilo, appellant pro se.

        Matthew J. Platkin, Attorney General, attorney for respondent (Janet Greenberg Cohen, Assistant Attorney General, of counsel; Christopher C. Josephson, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Jose Camilo, currently incarcerated in East Jersey State Prison, appeals from a February 22, 2023 final agency decision issued by the New Jersey State Parole Board (Board) denying parole and imposing a sixty-month future eligibility term (FET). We affirm.

The facts leading to Camilo's conviction are set forth in our prior decision, Camilo v. New Jersey State Parole Board, No. A-2445-17 (App. Div. Oct. 30, 2019). On July 12, 1982, a jury convicted Camilo of murder, attempted murder, aggravated assault, possession of a weapon for unlawful purpose, and terroristic threats. Id. at 2. He was sentenced to life in prison for murder with a twenty-five-year period of parole ineligibility, and a consecutive term of twenty years for aggravated assault, with a ten-year period of parole ineligibility. Ibid. At sentencing, the trial judge merged the attempted murder conviction with the aggravated assault conviction. Ibid. After defendant's successful petition for post-conviction relief (PCR), the PCR judge amended the sentence for aggravated assault to ten-years, with a five-year period of parole ineligibility, concurrent to the life sentence for murder. Id. at 2-3.

A-2116-22

After serving thirty years of his sentence, Camilo became eligible for parole a second time on May 30, 2022.[1] A two-member Board panel denied parole and referred the matter to a three-member Board panel to establish an FET. In denying parole, the two-member Board panel found the following factors: the serious nature of the offenses; incarceration for multiple offenses; institutional disciplinary infractions; insufficient problem resolution, including lack of insight into criminal behavior, minimalization of conduct, and failure to address a substance abuse problem; lack of an adequate parole plan for reintegration into the community; and a risk assessment evaluation placing him at a "moderate" risk of recidivism. Regarding the mitigating factors, the two-member Board panel found the following: no prior offense record; no infractions since the last panel hearing; participation in programs specific to behavior; reports reflecting favorable institutional adjustment; attempts to enroll and participate in programs notwithstanding lack of admission; and restoration of commutation time.

A three-member Board panel convened on August 17, 2022 and established a sixty-month FET. The three-member Board panel's parole

---

[1] We reviewed the Board's decision following Camilo's first parole hearing in our October 30, 2019 decision.

A-2116-22

determination was based on the same factors relied upon by the two-member Board panel in denying parole, except the three-member Board panel found Camilo "now ha[d] an adequate [parole] plan to assist [him] in successful reintegration [in]to society."

Camilo filed an administrative appeal to the full Board. On February 22, 2023, the full Board affirmed the denial of parole and imposition of a sixty-month FET.

The Board rejected Camilo's arguments that the panel failed to consider his advanced age, health problems, letters of support, parole plan, lack of a prior criminal history and infraction history; failed to document by a preponderance of the evidence a substantial likelihood he would commit a new crime if released on parole; and improperly focused on the aggravating factors while ignoring the mitigating factors.

In its single-spaced, nine-page February 22, 2023 written decision denying parole, the Board relied on Camilo's responses to the panel during his parole hearings, the pre-parole reports, documentation in his case file, and a confidential mental health evaluation. The Board noted the following aggravating factors: "after more than three (3) decades of incarceration, [Camilo was] unable to recognize the severity and scope of [his] criminal actions;"

4

Camilo failed to address "the causes of [his] criminal behavior with cognitive and behavioral programming"; despite participation in various programs, those programs "ha[d] not yet provided [Camilo] with the necessary tools . . . to recognize [his] personality defects"; and Camilo was "apprehensive or resistant in acknowledging that [his] anger issues impacted [his] decision to shoot the two (2) victims and that further work through program participation [was] needed for [Camilo] to make gains in positive rehabilitative efforts."

Regarding the mitigating factors, the Board took into account Camilo's multiple letters of support as well as his lack of infractions since the last panel hearing and participation in various institutional programs.

Additionally, the Board considered Camilo's age, health issues at the time of his parole eligibility, and lack of prior criminal history. As the Board explained, "an offender's age or . . . lack of a prior criminal record are not dispositive of whether the offender is suitable for parole release." The Board expressly noted Camilo's lack of a prior criminal history as a mitigating factor. Regarding Camilo's health issues, the Board stated those issues were a matter of record and, therefore, considered at his parole hearing.

On appeal, Camilo raises the following arguments:

5

POINT I

THE PAROLE BOARD DECISION DENYING PAROLE TO APPELLANT IS ARBITARY, CAPRICIOUS, AND UNREASONABLE BECAUSE IT IS IN VIOLATION OF THE EX POST FACTO AND DUE PROCESS CLAUSES.

POINT II

THE PAROLE BOARD FAILED TO MEET ITS BURDEN OF SHOWING THAT THERE IS A SUBSTANTIAL LIKELIHOOD THAT APPELLANT WILL COMMIT A CRIME IF RELEASED AT THIS ADVANCED STAGE OF HIS LIFE.

POINT III

THE PAROLE BOARD DECISION DENYING PAROLE TO APPELLANT IS ARBITRARY, CAPRICIOUS, AND UNREASONABLE BECAUSE IT IS NOT SUPPORTED BY SUBSTANTIAL CREDIBLE EVIDENCE IN THE RECORD AS A WHOLE.

POINT IV

THE SIXTY-MONTH FUTURE ELIGIBILITY TERM ESTABLISHED BY THE PAROLE BOARD BEYOND THE STATUTORY PRESUMPTION IS NOT SUPPORTED BY CREDIBLE EVIDENCE AND DOES NOT MEET THE STATUTORY REQUIREMENTS.

We disagree and affirm substantially for the reasons expressed by the Board in its comprehensive and considered February 22, 2023 decision. We add the following comments.

Our review of final decisions of the Board is limited. Malacow v. N.J. Dep't of Corr., 457 N.J. Super. 87, 93 (App. Div. 2018). The Board's decision will not be reversed unless it is "arbitrary, capricious or unreasonable or . . . is not supported by substantial credible evidence in the record as a whole." Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980). Our limited review of parole determinations accords the agency's action a presumption of validity and reasonableness. In re Vey, 272 N.J. Super. 199, 205 (App. Div. 1993). The burden is on the challenging party to show the Board's actions were unreasonable. Bowden v. Bayside State Prison, 268 N.J. Super. 301, 304-05 (App. Div. 1993).

The Board should generally grant parole requests for release on an inmate's parole date unless it can be shown by a preponderance of the evidence there is an indication the inmate failed to cooperate in his or her rehabilitation or there is a "reasonable expectation that the inmate will violate conditions of parole." N.J.S.A. 30:4-123.53(a). In rendering a parole determination, the

Board must consider the factors enumerated in N.J.A.C. 10A:71-3.11(b)(1)-(24).

Here, in assessing whether Camilo should be released on parole, the Board considered various aggravating and mitigating factors. The Board's consideration of those factors is supported by sufficient, credible evidence in the record, including new information in the 2022 confidential material/professional report. The Board also noted the seriousness of Camilo's offenses. After considering the entire record, the Board found there was a substantial likelihood Camilo would commit another crime if released on parole and provided its reasons in a detailed written decision. Based on the information in the record, the Board found Camilo demonstrated a potential for recidivism, and properly exercised its discretion in denying parole.

Regarding the FET, where a panel denies parole to an inmate serving a sentence for aggravated manslaughter, the standard FET is twenty-seven months. N.J.A.C. 10A:71-3.21(a)(1). In its discretion, the Board may increase or reduce the standard FET by nine months. N.J.A.C. 10A:71-3.21(c). However, under N.J.A.C. 10A:71-3.21(d), a panel may establish an FET outside these guidelines if the presumptive FET is clearly inappropriate as a result of the inmate's lack of satisfactory progress in reducing the likelihood of criminal

behavior. In considering an FET outside the guidelines, the Board applies the same factors under N.J.A.C. 10A:71-3.11 as when determining whether the inmate is suitable for parole. N.J.A.C. 10A:71-3.21(d).

Here, the Board determined the standard FET was inappropriate because Camilo failed to demonstrate satisfactory progress in reducing the likelihood he would engage in criminal activity if released on parole. Thus, the Board imposed a sixty-month FET. Significantly, the sixty-month FET commences on Camilo's parole eligibility date and, because he committed his crimes before August 19, 1997, his FET is reduced by applicable credits such as commutation, work, and minimum custody credits. Applying Camilo's earned credits, his current eligibility date is March 6, 2026. This date will be further reduced by any future credits, resulting in a projected eligibility date of September 26, 2025. Therefore, Camilo's actual FET is less than sixty months.

Having reviewed the record, the Board's denial of parole is consistent with applicable law. Moreover, there is substantial credible evidence in the record as a whole to support the Board's extensive findings, which we need not repeat here.

Further, the Board provided sound reasons for imposing a sixty-month FET. The imposed FET, although lengthy, is not arbitrary or capricious.

Because the FET backdates to Camilo's first parole eligibility date, coupled with existing credits and anticipated future credits, the sixty-month FET is not as lengthy as it may first appear. On this record, we have no reason to second-guess the Board's findings or conclusions and defer to its expertise in these matters.

To the extent we have not specifically addressed any of Camilo's remaining arguments, we find those arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(D) and (E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2116-22